UNITED STATES DISTRICT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IVYMEDIA CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>TAKE TOUR, INC., ALAN ZOU, & JOHN DOE,<br><br>　　　　　　　Defendants. | Civil Action No.  1:12-cv-11535 |

**COMPLAINT**

　　　　1.　　　IvyMedia Corporation ("IvyMedia") brings this Complaint seeking a temporary restraining order, preliminary and permanent injunctive relief, and damages, arising from Defendants' unfair competition, consumer fraud, false advertising, unfair and deceptive trade practices, and trademark infringement.  IvyMedia is a Massachusetts corporation that owns and operates websites, including www.TakeTours.com and www.GotoBus.com, that offer internet-based ticketing services for bus tours, vacation packages, and shuttle buses between cities. Defendants are knowingly and willfully infringing on IvyMedia's commercial and intellectual property rights and misleading consumers by, *inter alia*, operating a competing website, www.taketour.com, that contains materials intentionally copied from IvyMedia's websites; falsely representing that Defendants and their website are affiliated with IvyMedia; defrauding consumers; and infringing on IvyMedia's "TakeTours" and "GOTOBUS" trademarks.  These acts have damaged, and will continue to damage, IvyMedia irreparably.  Accordingly, IvyMedia seeks an immediate temporary restraining order, injunctive relief, and damages under federal and state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b). Jurisdiction over the state claims is appropriate under 28 U.S.C. § 1338(b) and principles of pendant jurisdiction.

3. This Court has personal jurisdiction over the Defendants because they have conducted business in Massachusetts. Defendants market and sell their products and services to Massachusetts residents. Many of the tours offered by Defendants begin, end, stop in, or travel through Massachusetts. The Defendants have paying customers in Massachusetts. Their infringing website reaches Massachusetts. They have intentionally targeted and inflicted injury upon a business located in Massachusetts. They have caused, and are continuing to cause, actual consumer confusion in Massachusetts.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5. IvyMedia is a Massachusetts corporation having its principal place of business at 2285 Massachusetts Ave., Suite 204, Cambridge, Massachusetts. Xiangping "Jimmy" Chen, ("Dr. Chen") is IvyMedia's founder and President.

6. Defendant Take Tour, Inc. is a Maryland corporation having its principal place of business at 13313 Okinawa Avenue, Rockville, Maryland.

7. Upon information and belief, Defendant Alan Zou ("Mr. Zou") is an individual residing at 7100 Natelli Woods Lane, Bethesda, Maryland.

8. Upon information and belief, John Doe ("Mr. Doe") is an as-yet unidentified individual who resides in an as-yet unidentified location at an as-yet unidentified address. Upon

information and belief, Mr. Doe's name and address are being maintained in confidence by the domain name registrant, 1 & 1 Internet, Inc.

# FACTS

*IvyMedia's Business*

9. IvyMedia is engaged in the business of providing internet-based ticketing services for bus tours, vacation packages, and shuttle buses between cities.

10. The company has been incorporated since approximately June 29, 2000.

11. IvyMedia has operated www.TakeTours.com continuously since September, 2010.

12. IvyMedia acts as an independent contractor for bus and tour companies by attracting potential customers over the internet and enabling them to make reservations and purchase tickets through its website.

13. The company maintains a fee arrangement with various bus companies and tour operators whereby it receives a commission based on each ticket sale made through www.TakeTours.com.

14. IvyMedia generates all of its reservation and ticketing business from internet traffic. The company's business depends upon its ability to reach its customers through its websites, including www.TakeTours.com and www.GotoBus.com. Its success depends upon the goodwill and reputation and integrity that it has built through these websites.

15. www.TakeTours.com and www.GotoBus.com feature descriptions of the tours they offer. Amongst these are original descriptions of the tours authored by Ivymedia.

16. IvyMedia includes various written policies on www.TakeTours.com and www.GotoBus.com, including a User Agreement and a Security Agreement that set forth the

terms and conditions that apply to customers.  Among other provisions, these policies contain important reservations of rights and other information concerning the company's intellectual property and proprietary information.

17. IvyMedia holds federal trademark Registration No. 3966208 from the United States Trademark Office for the mark "TakeTours."

18. The company holds federal trademark Registration No. 3084987 from the United States Trademark Office for the mark "GOTOBUS."

19. IvyMedia's "TakeTours" mark is displayed constantly and prominently on its www.TakeTours.com website.

20. Its "GOTOBUS" mark is displayed constantly and prominently on its www.GotoBus.com website.

*Defendants' Unauthorized, Tortious, and Infringing Activities*

21. Upon information and belief, Alan Zou and/or John Doe and/or Take Tours, Inc. registered, owns, operates, and/or controls the domain name www.taketour.com.

22. Like www.TakeTours.com and www.GotoBus.com, www.taketour.com ostensibly offers internet-based ticketing services for bus tours and vacation packages.

23. The Defendants' www.taketour.com website contains numerous elements that have been flagrantly copied from IvyMedia's www.TakeTours.com, including descriptions of the various bus tours and vacation packages, the User Agreement, the Security Statement, tour policies, tour content, images, and other elements contained in the website.

24. In addition, the Defendants' www.taketour.com website contains numerous elements that have been copied from www.GotoBus.com, including descriptions of the various bus tours and vacation packages as well as tour content.

25. Defendants falsely represent on www.taketour.com that they are affiliated with IvyMedia and its products and services. These false representations include, but are not limited to, representations in www.taketour.com's User Agreement, Security Statement, tour policies, tour content, images, and certain other elements contained in the website.

26. The Defendants' www.taketour.com website is confusingly similar to IvyMedia's "TakeTours" mark and its www.TakeTours.com website.

27. The Defendants' www.taketour.com website uses and refers to IvyMedia's "GOTOBUS" trademark— including in tour descriptions featured on www.taketour.com— without authorization and in a way that is likely to cause confusion among consumers.

28. IvyMedia has been contacted by confused customers of taketour.com who believed that IvyMedia owns or is affiliated with taketour.com.

29. At no time have Defendants or www.taketour.com had any rights in any of IvyMedia's intellectual property or proprietary material.

30. At no time have Defendants or www.taketour.com been affiliated with IvyMedia, www.TakeTours.com, or www.GotoBus.com.

31. Defendants' wrongful conduct, including their use and copying of IvyMedia's intellectual property and proprietary material, their knowing misrepresentations as to their affiliation with IvyMedia, their consumer fraud, and their trademark infringement have irreparably harmed and, if permitted to continue, will continue to irreparably harm the company.

**COUNT I**
**Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

32. IvyMedia repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

33. The acts of Defendants described above—including, but not limited to, operating a website that contains materials intentionally copied from IvyMedia's websites, falsely representing that Defendants and their website are affiliated with the company, and infringing on its trademarks—constitute false and misleading representations in connection with commercial advertising and promotion, and false designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendants' false and misleading descriptions and representations of fact in commerce were intended to cause, have caused, and are likely to cause further confusion or mistake regarding the origin, sponsorship, or approval of IvyMedia's products and services.

35. Defendants have made false and misleading representations of fact in commercial advertising or promotion that misrepresent the nature, characteristics, origin or qualities of IvyMedia's products and services.

36. Defendants' conduct constitutes unfair competition with IvyMedia and false designation of origin, and has enabled and will continue to enable Defendants to make sales and earn profits to which they are not in equity or good conscience entitled.

37. As a direct and proximate result of Defendants' above-described conduct, Defendants have caused IvyMedia irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violations of IvyMedia's rights. Accordingly, IvyMedia is entitled to a temporary restraining order and to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

38. IvyMedia also has suffered, and will continue to suffer, substantial economic loss in an amount to be determined at trial.

## COUNT II
### Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C.S. § 1125(d)

39. IvyMedia repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

40. The company's TakeTours mark is distinctive, as demonstrated by the U.S. Trademark Office's granting of trademark registration for the TakeTours mark.

41. The Defendants' www.taketour.com domain name is confusingly similar, and indeed almost identical, to IvyMedia's www.TakeTours.com domain name and its "TakeTours" mark.

42. The Defendants intended in bad faith to divert customers from IvyMedia's www.TakeTours.com website to their own www.taketour.com website for commercial gain and/or with the intent to disparage or tarnish IvyMedia's "TakeTours" trademark, by creating a likelihood of confusion and actual confusion as to the source, sponsorship, affiliation, or endorsement of the www.TakeTours.com website.

43. As a direct and proximate result of Defendants' above-described conduct, Defendants have caused IvyMedia irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violations of the company's rights.

44. IvyMedia also has suffered, and will continue to suffer, substantial economic loss in an amount to be determined at trial.

## COUNT III
### Common Law Unfair Competition

45. IvyMedia repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

46.     As explained above, Defendants have made false and/or misleading statements with the intention of misleading and deceiving the public in order to make sales and earn profits to which they are not in equity or good conscience entitled, which has been to Defendants' benefit and to IvyMedia's detriment.

47.     Defendants' conduct constitutes unfair competition with IvyMedia. As a direct and proximate result of Defendants' above-described conduct, Defendants have caused IvyMedia irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violation of IvyMedia's rights.

48.     IvyMedia also has suffered, and will continue to suffer, substantial economic loss in an amount to be determined at trial.

## COUNT IV
### False Advertising in Violation of Mass. Gen. Laws c. 266, § 91

49.     IvyMedia repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

50.     The actions of Defendants described above constitute untrue, deceptive, or misleading advertising in violation of M.G.L. c. 266 § 91.

51.     Defendants knew, or on reasonable investigation should have ascertained, that their representations were untrue, deceptive or misleading.

52.     As a direct and proximate result of Defendants' above-described conduct, Defendants have caused IvyMedia irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violations of IvyMedia's rights.

## COUNT V
## Trademark Infringement: 15 U.S.C. § 1114

53. IvyMedia repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

54. IvyMedia owns a valid, registered, legally protectable federal trademark for "TakeTours."

55. IvyMedia owns a valid, registered, legally protectable federal trademark for "GOTOBUS."

56. Defendants' use of www.taketour.com has resulted in consumer confusion with respect to IvyMedia's trademarks and is likely to cause additional confusion regarding the origin, sponsorship, or approval of IvyMedia's products and services.

57. As a direct and proximate result of Defendants' above-described conduct, Defendants have caused IvyMedia irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violation of IvyMedia's rights.

58. IvyMedia also has suffered, and will continue to suffer, substantial economic loss in an amount to be determined at trial.

## COUNT VI
## Unjust Enrichment

59. IvyMedia repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

60. Without compensating IvyMedia, Defendants knowingly benefitted from their unauthorized reproduction of IvyMedia's intellectual property and proprietary material, their false representations that Defendants and their website are affiliated with IvyMedia, and their infringement of IvyMedia's "TakeTours" and "GOTOBUS" trademarks.

61. As a consequence, Defendants have been unjustly enriched at the expense of IvyMedia.

62. IvyMedia is entitled to receive any profits that Defendants have made through their wrongful conduct.

## COUNT VII
## Unfair And Deceptive Trade Practices – M.G.L. c. 93A
## (Against Take Tour, Inc. only)

63. IvyMedia repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

64. Defendant Take Tour, Inc. is a business engaged in trade or commerce.

65. The above-referenced acts and omissions by Take Tour, Inc. were unfair and deceptive in violation of M.G.L. c. 93A § 11.

66. Take Tour, Inc.'s unfair and deceptive conduct was perpetrated knowingly and willfully.

67. Take Tour, Inc.'s unfair and deceptive conduct occurred primarily and substantially in the Commonwealth of Massachusetts to IvyMedia's detriment.

## **PRAYER FOR RELIEF**

Wherefore, IvyMedia prays that this Court enter judgment in its favor against Defendants on all of the claims set forth above and award IvyMedia relief including but not limited to the following:

    a. A temporary restraining order against Defendants and all persons acting in concert with them (collectively "Defendants") (i) enjoining Defendants from using IvyMedia's trademarked material and representing or holding themselves out as being affiliated with IvyMedia, www.TakeTours.com, or

  www.GotoBus.com; (ii) requiring Defendants to immediately suspend operation of the www.taketour.com website and to cease and desist any use of it; and (iii) enjoining Defendants from operating or using any website, or other means, that infringes on IvyMedia's trademarks or any of its other commercial rights.

b. A preliminary and permanent injunction against Defendants (i) enjoining Defendants from using IvyMedia's trademarked material and representing or holding themselves out as being affiliated with IvyMedia, www.TakeTours.com, or www.GotoBus.com; (ii) requiring Defendants to immediately suspend operation of the www.taketour.com website and to cease and desist any use of it; and (iii) enjoining Defendants from operating or using any website, or other means, that infringes on IvyMedia's trademarks or any of its other commercial rights.

c. An order directing Defendants to file with this Court and serve on IvyMedia through counsel within ten (10) days after the date of the entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

d. An order granting judgment in IvyMedia's favor on all Counts asserted in this Complaint.

e. An order awarding IvyMedia (i) actual monetary damages for all Counts, (ii) statutory damages (at IvyMedia's election) for the Defendants' violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C.S. § 1125(d), and the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); (iii) treble damages for the Defendants' violations of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. §

1125(a), the Anticybersquatting Consumer Protection Act, 15 U.S.C.S. § 1125(d), and M.G.L. c. 93A; and (iv) attorneys' fees for the Defendants' violations` of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), the Anticybersquatting Consumer Protection Act, 15 U.S.C.S. § 1125(d), and M.G.L. c. 93A.

f. An order awarding IvyMedia such further relief as this Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED ON ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

IVYMEDIA CORPORATION,

*By its attorneys*,

 /s/ Kevin J. O'Connor
Kevin J. O'Connor (BBO #555250)
kocconor@haslaw.com
Timothy F. Holahan (BBO #672760)
tholahan@haslaw.com
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000

Dated: August 17, 2012