UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
IVYMEDIA CORPORATION,               )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )        Civil Action No. 12-11535-NMG
                                    )
TAKE TOUR, INC., et al.             )
                                    )
                                    )
       Defendants.                  )
_____)
```

REPORT AND RECOMMENDATION ON ALAN ZOU'S MOTION TO DISMISS
(Docket No. 14)

July 9, 2013

Boal, M.J.

       Plaintiff IvyMedia Corporation ("IvyMedia") filed suit against defendants Take Tour,

Inc., Alan Zou and John Doe alleging unfair competition, cybersquatting, false advertising,

unfair and deceptive trade practices, and trademark infringement.  Defendant Alan Zou has

moved to dismiss the claims against him for lack of personal jurisdiction, improper venue, and

failure to state a claim.  Docket No. 14.[1]  For the following reasons, this Court recommends to

the District Judge assigned to this case that he deny the motion.

I.     PROCEDURAL BACKGROUND

       IvyMedia filed its complaint on August 17, 2012.  Docket No. 1.  IvyMedia also filed

motions for a temporary restraining order and a preliminary injunction.  Docket Nos. 2, 3.  On

---

[1]  On October 3, 2012, the District Court referred Zou's motion to dismiss to the
undersigned for a report and recommendation.  Docket No. 22.

August 28, 2012, the District Court granted IvyMedia's motions.  Docket No. 12.

On September 24, 2012, Zou filed a motion to dismiss the claims against him.  Docket No. 14.  On October 9, 2012, IvyMedia filed a motion to strike the motion to dismiss.  Docket No. 23.  The Court denied the motion to strike on April 2, 2013.  Docket No. 30.  The Court ordered IvyMedia to file an opposition to Zou's motion to dismiss by April 16, 2013 and allowed Zou to file a reply no later than April 30, 2013.  Id.  On April 16, 2013, IvyMedia filed an opposition to Zou's motion to dismiss.  Docket No. 31.  Zou did not file a reply.

II.   FACTS[2]

A.   Complaint Allegations

IvyMedia is a Massachusetts corporation engaged in the business of providing internet-based ticketing services for bus tours, vacation packages, and shuttle buses between cities through its websites www.TakeTours.com and www.GotoBus.com.  Complaint, ¶¶ 5, 9, 11, 14.  IvyMedia acts as an independent contractor for bus and tour companies by attracting potential customers over the internet and enabling them to make reservations and purchase tickets through its website.  Complaint, ¶ 12.  IvyMedia has a fee arrangement with various bus and tour companies whereby it receives a commission based on each ticket sale made through www.TakeTours.com.  Complaint, ¶ 13.

IvyMedia holds federal trademark Registration No. 3966208 from the United States Trademark Office for the mark "TakeTours."  Complaint, ¶ 17.  IvyMedia's "TakeTours" mark is displayed constantly and prominently on its www.TakeTours.com website.  Complaint, ¶ 19.

---

[2] The facts are derived from the Complaint.  The Court takes as true all well-pleaded allegations and draws all reasonable inferences in IvyMedia's favor.  See Morales-Tañon v. Puerto Rico Electric Power Authority, 524 F.3d 15, 17 (1st Cir. 2008).

IvyMedia also holds federal trademark Registration No. 3084987 from the United States Trademark Office for the mark "GOTOBUS."  Complaint, ¶ 18.  Its "GOTOBUS" mark is displayed constantly and prominently on its www.GotoBus.com website.  Complaint, ¶ 20.

IvyMedia generates all of its reservation and ticketing business from internet traffic. Complaint, ¶ 14.  The company's business depends upon its ability to reach its customers through its websites and its success depends upon the goodwill and reputation and integrity that it has built through its websites.  Id.

IvyMedia's websites feature descriptions of the tours they offer.  Complaint, ¶ 15.  These descriptions include original ones authored by IvyMedia.  Id.  IvyMedia includes various written policies on its websites, including a User Agreement and a Security Agreement that set forth the terms and conditions that apply to customers.  Complaint, ¶ 16.  Among other provisions, these policies contain important reservations of rights and other information concerning the company's intellectual property and proprietary information.  Id.

IvyMedia alleges that defendants Alan Zou and/or John Doe and/or Take Tours, Inc. registered, own, operate, and/or control the domain name www.taketour.com.  Complaint, ¶ 21. Like IvyMedia's www.TakeTours.com and www.GotoBus.com, www.taketour.com ostensibly offers internet-based ticketing services for bus tours and vacation packages.  Complaint, ¶ 22. The Defendants' www.taketour.com website contains numerous elements that have been flagrantly copied from IvyMedia's www.TakeTours.com, including descriptions of the various bus tours and vacation packages, the User Agreement, the Security Statement, tour policies, tour content, images, and other elements contained in the website.  Complaint, ¶ 23.  In addition, the Defendants' www.taketour.com website contains numerous elements that have been copied from

www.GotoBus.com, including descriptions of the various bus tours and vacation packages as well as tour content.  Complaint, ¶ 24.

Defendants falsely represent on www.taketour.com that they are affiliated with IvyMedia and its products and services.  Complaint, ¶ 25.  These false representations include representations in www.taketour.com's User Agreement, Security Statement, tour policies, tour content, images, and certain other elements contained in the website.  Id.

The Defendants' website is confusingly similar to IvyMedia's websites.  Complaint, ¶ 26. The Defendants' website uses and refers to IvyMedia's "GOTOBUS" trademark without authorization and in a way that is likely to cause confusion among customers.  Complaint, ¶ 27. IvyMedia has been contacted by confused customers of www.taketour.com who believed that IvyMedia owns or is affiliated with www.taketour.com.  Complaint, ¶ 28.  Defendants are not affiliated with IvyMedia and they do not have any rights in any of IvyMedia's intellectual property or proprietary material.  Complaint, ¶¶ 29-30.

IvyMedia alleges that it has been irreparably harmed by Defendants' conduct. Complaint, ¶ 31.

B.      Jurisdictional Facts[3]

In his motion to dismiss, Zou states that he is not the owner of Take Tour, Inc. or the

---

[3] The Court takes the facts from the pleadings in this case as well as the affidavits submitted by IvyMedia.  See Docket No. 5, 32.  On a motion to dismiss for lack of personal jurisdiction, the court may consider facts outside of the complaint.  Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992) (citations omitted) (In order to sustain burden of proving personal jurisdiction, "plaintiff must go beyond the pleadings and make affirmative proof."); Callahan v. Harvest Board Int'l, Inc., 138 F. Supp. 2d 147, 152-53 (D. Mass. 2001) ("The consideration of materials outside the complaint is appropriate in ruling on a motion to dismiss for lack of personal jurisdiction.").

website, www.taketour.com and that he does not operate or manage Take Tour, Inc.  Docket No. 14 at ¶ 1.  He also states that he has not personally registered, owned, operated or controlled the website domain www.taketour.com and that he is not responsible for creating or managing any content or trademark, infringing or non-infringing, on the www.taketour.com website.  Id. at ¶ 2.  His statements, however, are not verified under oath or otherwise supported.[3]

IvyMedia alleges, via affidavit and exhibits, that Zou is in fact Take Tour, Inc.'s owner.  Docket Nos. 31, 32.  IvyMedia states that Zou is really Xiaohui Zou.  In his motion, Zou states that the website www.taketour.com was registered using his name and address.  Docket No. 14 at ¶ 7.  Specifically, that address is 13946 Bromfield Rd., Germantown, MD 20874.  According to Maryland's land records, that property is owned by Xiaohui Zou.  Ex. A to Chen 4/16/13 Dec.[4]

Alan Zou has represented to the public on Linkedin.com that he is the owner of Chinatown Bus, Inc.  Ex. B to Chen 4/16/13 Dec.  According to corporate papers submitted to the State of Maryland, Chinatown Bus, Inc. is solely owned by Xiaohui Zou.  Ex. D to Chen 4/16/13 Dec.

Xiaohui Zou has also represented to the federal government that he is the owner of TakeTour, Inc., and is authorized to conduct business related to www.taketour.com.  On August 22, 2012, Take Tour, Inc. applied for a trademark for the phrase "TakeTour" at the U.S. Patent and Trademark Office.  Ex. E to Chen 4/16/13 Dec.  In the application, Xiaohoui Zou declared

---

[3] In its April 2, 2013 order denying IvyMedia's motion to strike Zou's motion to dismiss, the Court noted that if Zou wished the Court to consider his allegations regarding personal jurisdiction, he should submit them by affidavit under penalties of perjury no later than April 30, 2013.  Docket No. 30 at 3.  Zou did not file such an affidavit.

[4] "Chen 4/16/13 Dec." refers to the April 16, 2013 Declaration of Xiangping Chen, Ph.D in Opposition to Defendant Alan Zou's Motion to Dismiss.  Docket No. 32.

under the penalty described in 18 U.S.C. § 1001 that he is the owner of Take Tour, Inc., he is authorized by Take Tour, Inc. to conduct business in front of the Trademark Office, and the website of Take Tour, Inc. is www.taketour.com.  Id.  The application shows that the corporate address of Take Tour, Inc. is 7100 Natelli Woods Lane, Bethesda, Maryland 20817, which is where Alan Zou received service of the Complaint in this matter.  See Docket No. 13. Accordingly, IvyMedia believes that Alan Zou and Xiaohui Zou are the same person.

IvyMedia alleges that before being halted by the District Court's order granting IvyMedia injunctive relief, Zou engaged in a systematic effort to trade on the brand recognition and goodwill established by IvyMedia.  Zou marketed bus tours on a website that was confusingly similar to IvyMedia's websites.  Chen 8/17/13 Dec. at ¶¶ 18-23.[5]  Zou copied contents from IvyMedia's websites and used IvyMedia's trademarks.  Id. at ¶¶ 19-21.

Take Tour, Inc.'s website was interactive and solicited business from consumers in the United States, including Massachusetts.  See Docket No. 5-11.  For example, www.taketour.com included a live chat feature.  See, e.g., Docket No. 5-10 at 4.  In addition, customers could buy tours through the website, some of which started in Massachusetts.  See id.

IvyMedia alleges that Defendants' misleading website confused residents of Massachusetts and tarnished the reputation of IvyMedia and its websites.  Chen 8/17/12 Dec. at ¶¶ 27-31.  For example, Christian Rodriguez of Boston, Massachusetts mistook www.taketour.com as one of IvyMedia's websites, purchased tour tickets for hundreds of dollars, was dissatisfied with taketour.com's service, and complained to IvyMedia about his

---

[5] "Chen 8/17/12 Dec." refers to the August 17, 2012 Declaration of Xianping Chen. Docket No. 5.

dissatisfaction.  Id. at ¶ 31 and Ex. N thereto.

III.    ANALYSIS

    A.    Motion To Dismiss For Lack Of Personal Jurisdiction

    In addition to moving to dismiss the Complaint for improper venue and for failure to state a claim, defendant Zou argues that the Complaint must be dismissed against him pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, because this Court does not have personal jurisdiction over him.  Docket No. 14 at ¶ 4.  "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."  Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007).  Therefore, the Court first addresses the jurisdictional issue before reaching Zou's other arguments.  For the reasons that follow, this Court recommends that the motion to dismiss for lack of personal jurisdiction be denied.

    1.    Standard of Review

    IvyMedia ultimately bears the burden of persuading the Court that it has personal jurisdiction over Zou.  Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008).  In considering a motion to dismiss for lack of personal jurisdiction, a court may choose from three methods for determining whether the plaintiff has met its burden of establishing personal jurisdiction.  Adelson v. Hananel, 510 F.3d 43, 48 (1st Cir. 2007).  These methods include the prima facie method, the "preponderance of the evidence" method, and the "likelihood" method.  Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145-47 (1st Cir. 1995). When, as here, a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the "prima facie" standard governs its determination.  United States v.

Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001).  Under the prima facie standard,

IvyMedia must "go beyond the pleadings and make affirmative proof" to demonstrate the

existence of personal jurisdiction.  Id. at 619.  However, the Court "accept[s] the plaintiff's

(properly documented) evidentiary proffers as true" and construes those facts "in the light most

congenial to the plaintiff's jurisdictional claim."  Hannon, 524 F.3d at 279 (internal quotation

marks and citations omitted).

In its Complaint, IvyMedia stated that the Court has jurisdiction over the subject matter

of the dispute on the basis of both federal question jurisdiction, 28 U.S.C. §§ 1331, 1338, and

diversity of citizenship, 28 U.S.C. § 1332.  Complaint, ¶ 2.  "When the district court's *subject-*

*matter* jurisdiction rests wholly or in part on the existence of a federal question, the

constitutional limits of the court's *personal* jurisdiction are drawn in the first instance with

reference to the due process clause of the fifth amendment."  Lorelei Corp. v. Cnty. of

Guadalupe, 940 F.2d 717, 719 (1st Cir. 1991) (emphasis in original).  In such circumstances, the

Fifth Amendment requires only that the defendant have "minimum contacts" with the United

States, rather than with the particular forum state (as would be required in a diversity case).  Id.;

United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085

(1st Cir. 1992) (citations omitted).

"Nevertheless, while courts in federal question cases have found 'that sufficient contacts

[to justify the assertion of personal jurisdiction] exist whenever the defendant is served within

the sovereign territory of the United States,' the basis for service of process returnable to a

particular court must be grounded within a federal statute or Civil Rule."  United Elec., Radio

and Mach. Workers of Am., 960 F.2d at 1085 (quotation omitted).  "In other words, though

8

personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction." Id. (citations omitted).

Rule 4 of the Federal Rules of Civil Procedure is the principal mechanism for service of process in federal courts. Id. Under most circumstances, Rule 4(f) limits service of process "to the territorial limits of the state in which the court is held." Id. at 1085-86 (quoting Johnson Creative Arts, Inc. v. Wool Masters, Inc., 743 F.2d 947, 950 (1st Cir. 1984)). However, "a number of federal laws provide for either nationwide or worldwide service, and Rule 4(e) authorizes extraterritorial service in such circumstances." Id. at 1086 (internal citations omitted). Here, none of the federal statutes allegedly violated by Zou provide for nationwide service of process. See Hogar Crea, Inc. v. Hogar Crea Int'l of Connecticut, Inc., 708 F. Supp. 2d 158, 166 (D.P.R. 2009) (Lanham Act does not provide for nationwide service of process); Toytrackerz LLC v. Koehler, No. 08-2297-GLR, 2009 WL 1505705, at *3 (D. Kan. 2009) (neither the Lanham Act nor the Anti-Cybersquatting Consumer Protection Act provide for nationwide-service of process).

Hence, the Court's analysis comes full circle. "When insufficient statutory authorization for extraterritorial service exists, Rule 4(e) allows such service 'only to the extent permitted by the law of the state in which the district court sits.'" United Elec., Radio and Mach. Workers of Am., 960 F.2d at 1086. Because there is no federal statute permitting nationwide service of process on Zou, the Court's inquiry must focus on Massachusetts law concerning personal jurisdiction, notwithstanding that this is a federal question case. Id. "And because state law is subject to Fourteenth Amendment limitations, the minimum contacts doctrine, while imposing

no direct state-by-state constraint on a federal court in a federal question case, acts indirectly as a governing mechanism for the exercise of personal jurisdiction." Id. Accordingly, the Court's analysis must focus on Zou's contacts with Massachusetts.

     2.    The Court Does Not Have General Jurisdiction Over Zou

A court may exercise authority over a defendant by virtue of either general or specific jurisdiction. Mass. Sch. of Law v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). Here, IvyMedia argues that the Court has both general and specific jurisdiction over Zou. Docket No. 31 at 7-8. This Court disagrees.

General jurisdiction exists when the defendant has engaged in "continuous and systematic activity" in the forum, even if the activity is unrelated to the suit. United Elec., Radio & Mach. Workers of Am., 960 F.2d at 1088. "In evaluating whether the exercise of personal jurisdiction is warranted, courts concentrate on the 'quality and quantity of contacts between the potential defendant and the forum.'" Swiss Am. Bank, 274 F.3d at 619 (quoting Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999)). In addition to showing that the defendant has "continuous and systematic" contacts with the forum, the plaintiff must also show that the exercise of jurisdiction would be reasonable. Id. "As a threshold matter, 'the standard for evaluating whether these contacts satisfy the constitutional general jurisdiction test is considerably more stringent than that applied to specific jurisdiction questions.'" Id. (quotation omitted).

"For an individual, the paradigm focus for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home." Goodyear Dunlop Tires Ops. v. Brown, 131 S.Ct. 2846, 2853-54

(2011) (citation omitted).  IvyMedia has presented no evidence (or even unsupported allegations) that Zou is a resident of Massachusetts, owns property or has offices in Massachusetts, regularly transacts business in Massachusetts, or has otherwise engaged in continuous and systematic activity in Massachusetts.  None of the evidence presented suggests that Zou is "at home" in Massachusetts.  The presented contacts with Massachusetts fall short of the "continuous and systematic general business contacts" necessary to empower a federal court in Massachusetts to entertain a suit against Zou there.  Accordingly, this Court finds that it does not have general jurisdiction over Zou.

   3.   Specific Jurisdiction

"In the absence of general jurisdiction, a court's power depends upon the existence of specific jurisdiction."  Mass. Sch. of Law, 142 F.3d at 34.  To establish specific jurisdiction, IvyMedia must demonstrate that the Massachusetts long-arm statute grants jurisdiction over Zou, and that the exercise of that jurisdiction comports with the Due Process Clause of the Fifth Amendment.  Adelson, 652 F.3d at 80.

IvyMedia cites to sections (c) and (d) of the Massachusetts Long-Arm Statute, M.G.L. c. 223A, § 3.  Docket No. 31 at 8 n. 1.  In relevant part, section 3 of chapter 223A states:

> A court may exercise personal jurisdiction over a person, who acts directly or by agent, as to a cause of action in law or equity arising from the person's . . . (c) causing tortious injury by an act or omission in this commonwealth; [or] (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth.

M.G.L. c. 223A, § 3.  Section 3(d) of chapter 223A does not apply because IvyMedia has presented no evidence that Zou "regularly" engages in any conduct in Massachusetts, or that he derives "substantial revenue" from business conducted in Massachusetts.

Turning to section 3(c), that provision is as expansive as the boundaries of the Due Process Clause.  Bose Corp. v. Neher, No. 09-11479, 2010 WL 3814886, at *3 (D. Mass. Jul. 30, 2010) (citing Daynard v. Ness, Motley, Loadholt, Richardson & Poole, 290 F.3d 42, 52 (1st Cir. 2002)).  The Court must therefore turn directly to the constitutional inquiry.  Id. (citations omitted).

The constitutional analysis has three distinct components: "relatedness, purposeful availment (sometimes called 'minimum contacts'), and reasonableness."  Hannon, 524 F.3d at 282 (internal quotations and citations omitted).

a.    Relatedness

To satisfy the relatedness component, IvyMedia's claims must "arise out of, or be related to, the defendant's in-forum activities."  Id.  This standard is flexible and focuses on the nexus between the defendant's contacts with the forum and the plaintiff's cause of action.  Id.  However, there are some constraints on its application.  The First Circuit has described the relatedness standard as follows:

> The relatedness requirement is not an open door; it is closely read, and it requires a showing of a material connection.  This court steadfastly rejects the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect.  Instead, the defendant's in-state conduct must form an important, or at least material, element of proof in the plaintiff's case.  A broad but-for argument is generally insufficient.  Because "but for" events can be very remote, due process demands something like a "proximate cause" nexus.

Harlow v. Children's Hosp., 432 F.3d 50, 61 (1st Cir. 2005) (internal citations, quotations and modifications omitted).  In other words, to demonstrate relatedness, IvyMedia must show a demonstrable nexus between his claims and Zou's forum based activities, such that the litigation itself is founded directly on those activities.  Adelson, 652 F.3d at 81.

Here, IvyMedia alleges that Zou conducted business on the www.taketour.com website with at least one Massachusetts resident, and copied contents of www.TakeTour.com and www.GotoBus.com, both of which belong to IvyMedia, a Massachusetts company.  Chen 8/17/12 Dec. at ¶¶ 18-23, 31 and Ex. N thereto.  He and his company also falsely represented that www.taketour.com is affiliated with IvyMedia and used without authorization IvyMedia's trademarks.  Id. at ¶¶ 21-23.  In addition, Zou and his company offered tour packages that departed from Massachusetts.  See Docket No. 5-10 at 4.  IvyMedia has also presented evidence that Zou and his company have caused actual consumer confusion in Massachusetts through their wrongful conduct.  Chen 8/17/12 Dec. at ¶ 31 and Ex. N.  Accordingly, the Court finds that the relatedness requirement has been met.

 b. <u>Purposeful Availment</u>

IvyMedia must also show that Zou's contacts "represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's presence before the state's courts foreseeable."  Hannon, 524 F.3d at 284.  This requirement "ensures that jurisdiction is not based on merely random, isolated or fortuitous contacts with the forum state, and is based upon the 'cornerstones of voluntariness and foreseeability.'"  Id. (internal modifications and citations omitted).  The defendant's contacts "must be voluntary and not based on the unilateral actions of

another party" and "must be such that [the] defendant could reasonably anticipate being haled

into court there." Id. (internal modifications omitted). "Even if a defendant's contacts with the

forum are deemed voluntary, the purposeful availment prong of the jurisdictional test

investigates whether the defendant benefitted from those contacts in a way that made jurisdiction

foreseeable." Id. (citing Phillips Exeter Acad., 196 F.3d at 292). "So long as it creates a

'substantial connection' with the forum, even a single act can support jurisdiction." Burger King

Corp. v. Rudzewicz, 471 U.S. 462, 476 n. 18 (1985) (citing McGee v. International Life Ins. Co.,

355 U.S. 220, 223 (1957)).

     Here, IvyMedia argues that Zou and his company availed themselves of the benefits and

protections of conducting activities in Massachusetts through their website www.taketour.com.

Docket No. 31 at 9. "[T]he mere existence of a website that is visible in a forum and that gives

information about a company and its products is not enough, by itself, to subject a defendant to

personal jurisdiction in that forum." Cossaboon v. Maine Medical Center, 600 F.3d 25, 35 (1st

Cir. 2010) (citation omitted). "Instead, for website activity to support the exercise of personal

jurisdiction, '[s]omething more is necessary, such as interactive features which allow the

successful online ordering of the defendant's products.'" Id.

     IvyMedia has alleged that Zou and his company own the website www.taketour.com.

Chen 8/17/12 Dec. at ¶ 16. Taketour.com contains interactive features and allows customers to

successfully order the Defendants' services through the website. See Docket No. 5-10 at 4-5.

Indeed, IvyMedia has presented evidence that at least one Massachusetts resident, Christian

Rodriguez, purchased a two-day tour from Boston, Massachusetts to Niagara Falls and the

Thousand Islands from the Defendants. Chen 8/17/12 Dec. at ¶ 31 and Ex. N. Although

IvyMedia has only presented evidence of one sale to a Massachusetts resident through www.taketour.com, because Zou and his company offer sales of tours that start in Massachusetts, they are targeting Massachusetts residents and it would be foreseeable that they may be haled into court there.

Moreover, the purposeful availment prong can be met if the defendant allegedly committed trademark infringement against a Massachusetts company. Bose Corp., 2010 WL 3814886 at *5; Edvisors Network, Inc. v. Educational Advisors, Inc., 755 F. Supp. 2d 272, 283 (D. Mass. 2010) (citations omitted) ("Where, as here, a case involves an intentional tort such as trademark infringement, 'the defendant's purpose may be said to be targeting of the forum state and its residents.'").  Courts in this jurisdiction have determined that trademark infringement, like libel, involves conduct that is purposefully directed at the state in which the trademark owner is located.  Edvisors Network, Inc., 755 F. Supp. 2d at 284 (collecting cases).  Therefore, even if the www.taketour.com website alone were not enough to establish purposeful availment, this Court finds that there is " something more" to suggest that Zou should have anticipated being haled into court in Massachusetts: that the target of the infringement was a Massachusetts company.

    c.    <u>Reasonableness</u>

As a final consideration in the due process inquiry, this Court must weigh the reasonableness of exercising jurisdiction over the defendants, taking into account a number of so-called "Gestalt" factors.  Foster-Miller, Inc., 46 F.3d at 150.  The Gestalt factors include:

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

United Elec., Radio & Mach. Workers, 960 F.2d at 1088 (citing Burger King, 471 U.S. at 477).

"The factors, intended to aid the court in achieving substantial justice, play a larger role in cases

where the minimum contacts question is very close."  Adelson, 510 F.3d at 51.

Zou has not argued that any "special or unusual burden" exists in this case that would

prevent him from appearing here.  Id.  Furthermore, IvyMedia, "a resident of the state, has an

interest in bringing this action in Massachusetts, which weighs in favor of a finding of personal

jurisdiction," and the Court may award a degree of deference to a plaintiff's choice of forum.  Id.

at 51-52.  Also, Massachusetts has a "stake in being able to provide a convenient forum for its

residents to redress injuries inflicted by out-of-forum actors."  Id. at 51 (quoting Daynard v.

Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 62 (2002)).  The Gestalt factors

weigh in IvyMedia's favor.

In summary, this Court finds that it has personal jurisdiction over Zou because his

contacts with Massachusetts constitute "minimum contacts" in such a manner that it does not

"offend traditional notions of fair play and substantial justice" for IvyMedia to bring this case in

Massachusetts.  Accordingly, this Court recommends that the District Court deny the motion to

dismiss on the basis of lack of personal jurisdiction.

B.      Motion To Dismiss For Improper Venue

Zou asserts that Massachusetts is not a proper venue for this action.  Docket No. 14 at ¶

5.  Rule 12(b)(3) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss

for improper venue.  Fed. R. Civ. P. 12(b)(3).  When ruling on a defendant's motion to dismiss

for improper venue, the Court must treat all facts pled in the Complaint as true and draw all

reasonable inferences in the plaintiff's favor.  Johnson v. General Dynamics Infor. Tech., Inc.,

675 F. Supp. 2d 236, 239 (D.N.H. 2009).  The plaintiff has the burden of proving that its chosen venue is proper.  Id.

Venue is governed by 28 U.S.C. § 1391, which provides, in relevant part, that venue is appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  In considering Zou's motion to dismiss, it is only necessary to determine whether Massachusetts is a proper venue, notwithstanding that there may be other proper venues or even better venues.  See Uffner v. La Reunion Francaise, 244 F.3d 38, 42 (1st Cir. 2001).  To determine whether Massachusetts is a proper venue, this Court should look "not to a single 'triggering event' prompting the action, but to the entire sequence of events underlying the claim."  Id.  The relevant events for determining venue "need not be a point of dispute between the parties;" venue may be proper where a single event in the forum "was one part of the historical predicate for the instant suit," even though that single event was "not related to the principal question for decision."  Id. at 42-43.

In federal trademark cases, the actionable wrong takes place both where the infringing labels are affixed to goods and where confusion of purchasers is likely to occur.  Gary Scott Int'l, Inc. v. Baroudi, 981 F. Supp. 714, 718 (D. Mass. 1997).

Here, several alleged key events involve Massachusetts.  Zou and his company created www.taketour.com by copying web content belonging to IvyMedia, a Massachusetts company.  Zou and his company made the offending www.taketour.com website accessible to Massachusetts residents and there is evidence that at least one such resident purchased a tour through www.taketour.com and was confused about the origin of the services.  In addition, the Defendants falsely represented that www.taketour.com and Take Tour, Inc. are affiliated with

17

IvyMedia and tarnished the reputation of IvyMedia in Massachusetts.  These allegations are sufficient to find that a substantial part of the events giving rise to IvyMedia's claims occurred in Massachusetts.  Accordingly, the Court recommends that the District Judge deny Zou's motion to dismiss for improper venue.

  C. <u>Motion To Dismiss For Failure To State A Claim</u>

  1. <u>Standard of Review</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Id.</u>

The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  <u>Langadinos v. American Airlines, Inc.</u>, 199 F.3d 68, 69 (1st Cir. 2000).  While the court must accept as true all of the factual allegations contained in the complaint, that doctrine is not applicable to legal conclusions.  <u>Iqbal</u>, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u>; <u>see also</u> <u>Sanchez v. Pereira-Castillo</u>, 590 F.3d 31, 48 (1st Cir. 2009) ("In other words, a plaintiff must offer 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation,' in order to claim a 'plausible entitlement to relief.'") (citations omitted).  Accordingly, a complaint does not state a claim for relief where the well-

pleaded facts fail to warrant an inference of any more than the mere possibility of misconduct. Iqbal, 556 U.S. at 679.

In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken.  Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Consideration of other materials is generally forbidden unless the motion is properly converted into one for summary judgment.  Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

2.      Zou Has Failed To Satisfy The Standard For A Rule 12(b)(6) Motion

Zou has moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, denying the allegations against him and arguing that he has not registered, owned, operated or controlled the website www.taketour.com.  Docket No. 14 at ¶¶ 1-3, 6, 14-16.  He also states several times that IvyMedia has failed to prove or provide any evidence linking Zou to the allegations in the Complaint.  Docket No. 14 at ¶¶ 3, 10, 13.  However, at this stage of the proceedings and on a motion to dismiss, IvyMedia need not provide the Court with any evidence of its claims and the Court must take the allegations in the Complaint as true. Langadinos, 199 F.3d at 69.  "The merits of a claim [are to] be sorted out during a flexible pretrial process and, as appropriate, through the crucible of trial."  Twombly, 550 U.S. at 575 (citation omitted).  Therefore, Zou cannot defeat IvyMedia's claims at this stage by denying the facts alleged in the Complaint and/or stating that IvyMedia has not provided any evidence supporting its claims.

Zou does attempt to address the elements of IvyMedia's cybersquatting claim under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).  Docket No. 14 at ¶¶ 7-8.  In order to state a claim under that statute, IvyMedia must allege that "(1) it has a valid trademark entitled to protection; (2) its mark is distinctive or famous; (3) the defendant's domain name is identical or confusingly similar to, or in the case of famous marks, dilutive of, the owner's mark; and (4) the defendant used, registered, or trafficked in the domain name (5) with a bad faith intent to profit."  Nationwide Payment Solutions, LLC v. Plunkett, 697 F. Supp. 2d 165, 172 (D. Me. 2010) (citing DaimlerChrysler v. The Net Inc., 388 F.3d 201, 204 (6th Cir. 2004)).  IvyMedia has alleged sufficient facts to support all of the elements of this cause of action.  See Complaint, ¶¶ 17, 19, 21, 23-28, 40-42.

Zou argues that the element of bad faith cannot be met in this case based on his own version of the facts.  Docket No. 14 at ¶ 8.  That argument, however, presents an issue of fact not proper for a motion to dismiss.

Accordingly, the Court recommends that the District Court deny Zou's motion to dismiss the Complaint for failure to state a claim.

      D.      Motion To Dismiss For Lack of Subject Matter Jurisdiction

Finally, Zou moves to dismiss Count IV of the Complaint, alleging false advertising in violation of M.G.L. c. 266, § 91, because "this claim arises under the law of the State of Massachusetts, which raises 'a novel or complex issue of State law'" under 28 U.S.C. § 1367(c)(1)."  Docket No. 14 at ¶ 9.

Title 28, United States Code, Section 1367(a) provides that a district court may exercise supplemental jurisdiction over pendent and ancillary state law claims "that are so related to the

20

[federal question claims] . . . that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a); Vera-Lozano v. Int'l Broadcasting, 50 F.3d 67, 70 (1st Cir. 1995).  Claims arise from the same case or controversy if they share the same nucleus of operative facts.  Martinez-Rosado v. Instituto Medico del Norte, 145 F. Supp. 2d 164, 168 (D.P.R. 2001) (citing BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 833 (1st Cir. 1997)).

A district court may decline to exercise supplemental jurisdiction if the state claim "raises a novel or complex issue of state law."  Vera-Lozano, 50 F.3d at 70 (quoting 28 U.S.C. § 1367(c)(1)).

Here, all of IvyMedia's claims arise out of the same set of facts.  Specifically, IvyMedia alleges that Zou, through Take Tour, Inc. and www.taketour.com, both of which are controlled by him, used without authorization IvyMedia's trademarks and falsely represented that www.taketour.com is affiliated with IvyMedia.  Therefore, supplemental jurisdiction is proper. Zou does not point to any complex or novel issues of state law associated with the false advertising claim that would weigh against exercising supplemental jurisdiction in this case. Accordingly, the Court recommends denial of Zou's motion to dismiss based on lack of subject-matter jurisdiction.

IV.    RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this case DENY defendant Alan Zou's motion to dismiss.

V.      <u>REVIEW BY DISTRICT JUDGE</u>

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  <u>See</u> Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  <u>See</u> <u>Phinney v. Wentworth Douglas Hosp.</u>, 199 F.3d 1 (1st Cir. 1999); <u>Sunview Condo. Ass'n v. Flexel Int'l, Ltd.</u>, 116 F.3d 962 (1st Cir. 1997); <u>Pagano v. Frank</u>, 983 F.2d 343 (1st Cir.1993).


                                        /s/ Jennifer C. Boal
                                        JENNIFER C. BOAL
                                        United States Magistrate Judge