UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
IVYMEDIA CORPORATION,         )
                              )
       Plaintiff,            )
                              )
       v.                    )    Civil Action No. 12-11535-NMG
                              )
TAKE TOUR, INC., et al.       )
                              )
                              )
       Defendants.           )
_____)

REPORT AND RECOMMENDATION ON IVYMEDIA'S MOTION FOR CONTEMPT
(Docket No. 16)

August 9, 2013

Boal, M.J.

       Plaintiff IvyMedia Corporation ("IvyMedia") filed suit against defendants Take Tour, Inc., Alan Zou and John Doe alleging unfair competition, cybersquatting, false advertising, unfair and deceptive trade practices, and trademark infringement. On August 28, 2012, the District Court granted IvyMedia's motion for a temporary restraining order and preliminary injunction and entered a preliminary injunction against the Defendants. Docket No. 12. IvyMedia has moved for an order holding the Defendants in contempt for their failure to comply with the preliminary injunction.[1] Docket No. 16. For the following reasons, this Court recommends that the District Judge assigned to this case grant the motion.

---

[1] On October 3, 2012, the District Court referred IvyMedia's motion for contempt to the undersigned for a report and recommendation. Docket No. 22.

I.      FACTUAL AND PROCEDURAL BACKGROUND

IvyMedia filed its complaint on August 17, 2012.  Docket No. 1.  IvyMedia alleges that defendant Zou, through Take Tour, Inc. and www.taketour.com, both of which are controlled by him, used without authorization IvyMedia's trademarks and falsely represented that his website www.taketour.com is affiliated with IvyMedia, causing confusion among IvyMedia's customers.

On August 17, 2012, IvyMedia also filed motions for a temporary restraining order and a preliminary injunction.  Docket Nos. 2, 3.  On August 28, 2012, the District Court granted IvyMedia's motions.  Docket No. 12.  The District Court entered a preliminary injunction which prohibited the Defendants, inter alia, from "using IvyMedia's trademarked material and representing or holding themselves out as being affiliated with IvyMedia," and suspending operation of the www.taketour.com website and ceasing and desisting any use of it.  Docket No. 12 at 2.  In addition, the Court ordered the Defendants to "file with this Court and serve on IvyMedia through counsel within ten (10) days after the date of this Order a report in writing and under oath setting forth in detail the manner in which they have complied with ths Order."  Id.

On September 24, 2012, IvyMedia filed the instant motion for contempt.  Docket No. 16.  IvyMedia states that Take Tour and Zou failed to comply with the preliminary injunction because they did not file a report detailing their compliance with the preliminary injunction.  Docket No. 17 at 2.  In addition, IvyMedia alleges that the Defendants transferred the www.taketour.com domain name to a third party residing in Canada despite the injunction's prohibition on "any use' of the domain name.  Id.

Defendant Alan Zou filed a pro se opposition to IvyMedia's motion for contempt on October 2, 2012.  Docket No. 21.  Zou argues that the contempt motion is premature because

Zou's motion to dismiss the Complaint is pending.[2]  Docket No. 21 at ¶ 1.  In addition, Zou argues that he is unable to file a report detailing a response to the injunction because he has no connection to the website www.taketour.com or to Take Tour, Inc.  Id. at ¶¶ 2-3.  He denies that he has registered, owned, operated or controlled the website www.taketour.com and, therefore, states that he could not comply with the injunction.  Id. at ¶¶ 3, 6.

Defendant Take Tour, Inc. has not appeared in this case or filed an opposition to IvyMedia's motion for contempt.

The Court held an evidentiary hearing on July 25, 2013.  Docket No. 36.  Zou did not appear at the hearing.[3]  IvyMedia called Xiangping Chen, Ph.D to the stand.  Dr. Chen is the president of IvyMedia, which he founded in 2000.  He adopted his affidavit dated September 24, 2012.  Docket No. 18.  He confirmed that the information in his affidavit continues to be accurate.

Dr. Chen learned that one or both Defendants transferred the www.taketour.com domain name to a Peter Lazarr, using the domain name registrar easyDNS.com.  Docket No. 18 at ¶ 2.  www.taketour.com is currently "parked."  Id. at ¶ 3.  A "parked" website is one that is owned but does not contain any original content.  Id.  Parked websites are generally held by owners in anticipation of future use.  Id.  An owner of a parked website can upload content to the website at a moment's notice.  Id.  Thus, Mr. Lazarr or Zou can relaunch www.taketour.com at any time.

---

[2] On July 9, 2013, this Court recommended that the District Court deny Zou's motion to dismiss.  Docket No. 35.

[3] This Court's deputy clerk mailed notice of the hearing to Zou via certified mail on July 8, 2013.

II.     ANALYSIS

Independent of any statute or rule, the trial court has the power to sanction for contempt. In re Grand Jury Investigation, 545 F.3d 21, 25 (1st Cir. 2008).  Civil contempt must be established by clear and convincing evidence and the violated order must be clear and unambiguous in its terms.  Gemco Latinoamerica v. Seiko Time Corp., 61 F.3d 94, 98 (1st Cir. 1995); see also In re Grand Jury Investigation, 545 F.3d at 25.

Impossibility or inability to comply with an order is a valid defense to civil contempt charges.  Star Fin. Servs., Inc. v. Aastar Mortg. Corp., 89 F.3d 5, 13 (1st Cir. 1996).  The party raising a defense of impossibility bears the burden of establishing the defense clearly and categorically.  Morales Feliciano v. Roselloo Gonzalez, 124 F. Supp. 2d 774, 786 (D.P.R. 2000) (citations omitted).

A trial court has broad discretion in fashioning sanctions for failure to comply with court orders.  Goya Foods, Inc v. Wallack Mgmt. Co., 344 F.3d 16, 20 (1st Cir. 2003).  "Of course, trial courts do not have unbridled license to pluck dollar figures out of thin air and incorporate them in sanctions."  Id. at 19-20 (citations omitted).  "But mathematical exactitude is not required: so long as a sanction is reasonably proportionate to the offending conduct, the trial court's quantification of it ought not to be disturbed."  Id. at 20(citations omitted).

In crafting monetary sanctions, a court must:

> bear in mind not only the factual circumstances of the particular case but also the purpose for imposing the sanction in the first place.  Because one purpose behind such a sanction is to compensate the aggrieved party for harm suffered in consequence of the sanctioned party's acts, the sanction 'must bear a reasonable relationship to the actual losses sustained by the injured party.'  This does not mean, however, that compensation is the *only* factor the ordering court can consider.

> Sanctions stem, in part, from a need to regulate conduct during litigation.  Thus, a sanction may properly have a punitive aspect.  Similarly, deterrence may be considered in fixing the amount of a monetary sanction.  Given these multiple purposes, a monetary sanction need not be perfectly commensurate, dollar for dollar, with the aggrieved party's actual loss.

Id. (internal citations omitted; emphasis in original).

Here, there is no question that neither Zou nor Take Tour have complied with that portion of the preliminary injunction that ordered them to "file with this Court and serve on IvyMedia through counsel within ten (10) days after the date of this Order a report in writing and under oath setting forth in detail the manner in which they have complied with this Order."  The District Court entered the preliminary injunction on August 18, 2012, almost a year ago.  Although Take Tour has not made an appearance in this case, it was served with process on August 31, 2012.  Docket No. 13.  Zou is aware of these proceedings as he has appeared and filed a motion to dismiss and an opposition to the motion for contempt.  Indeed, in his opposition to the contempt motion, Zou acknowledges that he was served with the order granting IvyMedia's motion for a preliminary injunction.  Docket No. 21 at ¶ 1.  However, the Defendants have not filed or served the required report.  Accordingly, the Defendants are in contempt of an unambiguous term of the preliminary injunction.

Zou argues that he is unable to file a report detailing his response to the preliminary injunction because he has no administrative, business, legal or other connection to the website www.taketour.com or defendant Take Tour.  Docket No. 21 at ¶ 2.  However, he has not submitted those statements in an affidavit and he also failed to appear at the evidentiary hearing.  In addition, IvyMedia has produced evidence that Zou is in fact Take Tour's owner.  See Docket No. 35 at 4-6.  Accordingly, Zou has failed to clearly and categorically establish that he is unable

to comply with the preliminary injunction and the Court recommends that the District Judge find defendants Zou and Take Tour in contempt.

Having found that the Defendants are in contempt, this Court now turns to sanctions. IvyMedia seeks to recover its attorneys' fees in bringing this motion. IvyMedia incurred attorneys' fees of $890.50 in filing the motion. See Docket No. 19 at ¶ 8. In addition, Dr. Chen testified that IvyMedia incurred $475 in attorneys' fees since the filing of the motion. This Court finds those fees reasonable under the circumstances pertaining to this motion. Accordingly, the Court also recommends that the District Judge order the Defendants to pay IvyMedia $1,365.50 within seven days of any order adopting this report and recommendation.

III.    RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this case grant IvyMedia's motion for contempt, find that defendants Take Tour, Inc. and Alan Zou are in contempt of the preliminary injunction, and order Take Tour, Inc. and Alan Zou to pay IvyMedia $1,365.50 within seven days of any order adopting this report and recommendation.

IV.    REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P.

72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge